<hr />

EDWARD SCHNELL, RESPONDENT, *v.* FREDERICK BLOHM, APPELLANT.

*Action by a husband for* crim. con. — *not barred by the recovery of a judgment in a former action for enticing his wife away from him.*

In this action brought against the defendant to recover damages for personal injuries occasioned to the plaintiff by the defendant, in that he had maliciously and wickedly debauched and carnally known the plaintiff's wife, an order for his arrest was granted.

*Held,* that the fact that the plaintiff had, before the commencement of this action, brought another action against the defendant for enticing his wife away from him, and had recovered a judgment therein which had been paid, did not prevent him from maintaining this action.

APPEAL from an order made at the Kings Special Term for the arrest of the defendant, under which he was taken and held in $5,000 bail.

The action itself was brought to recover damages in the sum of $100,000 for personal injuries sustained by the plaintiff, to wit, for defendant's maliciously and wickedly debauching the plaintiff's wife and for carnally knowing her.

The wrongful acts of the defendant consisted in debauching and carnally knowing plaintiff's wife, on and between the 17th day of September, 1885, and the thirtieth day of October, next ensuing. On the 20th day of June, 1882, the same plaintiff brought an action against this defendant to recover $50,000 damages which he had sustained in the deprivation of the comfort, society, and aid of his wife, and in the alienation of her affection. The wrongful acts of the defendant, out of which this action arose, consisted in maliciously

and wrongfully enticing the plaintiff's wife from her home, which was accomplished on the 29th day of May, 1882. This action came to trial, and on the 15th day of March, 1883, the plaintiff recovered a judgment against the defendant in the sum of $5,493.06, which was paid. The wife never cohabited with the plaintiff from and after the 29th day of May, 1882, when she left him as aforesaid. On the 28th day of May, 1885, the wife of the plaintiff obtained an absolute divorce from him in the State of Iowa, where she then was resident. The plaintiff denied the validity of this divorce. On the 17th day of September, 1885, this defendant intermarried with the plaintiff's former wife. On the 9th day of October, 1885, this plaintiff brought an action for a divorce absolute from his former wife, in the Supreme Court of this State.

On the argument of this appeal the defendant claimed, first, that the judgment obtained on the 15th day of March, 1883, was and is a complete satisfaction of the present alleged cause of action. Second. That the divorce obtained in the foreign State, although invalid between the parties to the suit, is nevertheless a defense to any action which the former husband could bring against any third person for the loss of the wife's society, assistance and affection.

*E. D. McCarty,* for the appellant.

*Henry Schmitt,* for the respondent.

DYKMAN, J. :

The defendant is living in adulterous intercourse with the wife of the plaintiff. It is true the wife procured a divorce in Iowa, and the defendant married her there ; but the decree of divorcement has no operation or validity in this State. (*O'Dea* v. *O'Dea,* 101 N. Y., 23.)

This action is for criminal conversation, and the defendant appeals from an order of arrest granted against him therein. He contends that the plaintiff's right to recover for the wrong done him was exhausted by a judgment against him in an action for enticing away the woman, brought and terminated before the divorce and marriage to the defendant.

We cannot agree to this proposition. The enticement of a man's wife from him, and from her home and child, is a wrong of sufficient magnitude, but a fresh sting is imparted to the injury when

the seducer, in the face of the world, commences an adulterous intercourse. For that new and increased wrong another action may be commenced and another judgment recovered. (3 Black. Com., 139.) Even if the plaintiff's former recovery had been for the seduction and debauchery of his wife, he could still maintain this action; for "every moment that the wife continues absent from her husband without justifiable cause, without his consent, is a new tort, and every one who persuades her to do so does a new injury, and cannot but know it." (*Hutcheson* v. *Peck*, 5 Johns., 205.) The defendant injures the plaintiff anew every day he maintains the unlawful and adulterous intercourse with his wife, and so furnishes a fresh cause of action to the plaintiff with each recurring day.

In our view the reliance of the defendant on the Iowa decree of divorcement is not well reposed. It was adjudged between the parties that the defendant enticed the plaintiff's wife from him previous to the divorce and the trip to Iowa. The divorce and the marriage were but the continuance and consummation of the original outrage and wrong.

The order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred.

PRATT, J.:

The former recovery for alienating the wife's affections, though relevant and competent upon the question of damages, do not constitute a bar to the present action. Neither the judgments in plaintiff's favor nor its satisfaction had any effect to diminish his marital rights. They continued, and on any infringement by defendant or others an action arose.

The Iowa divorce set up in defendant's papers is not necessarily a defense to the action. It may be attacked, and if successfully assailed its only relevancy will be upon the question of damages. So of the fact that the plaintiff had instituted an action for divorce. That may well have much weight upon the question of damages, but it is no bar to the action. It follows that the order made below was within the discretion of the court, which we cannot say was unwisely exercised.

Order affirmed, with costs and disbursements.